IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>**DAVID MICHAEL MOBLEY**<br><br>       Debtor.<br><br><br>QUALITY LEASE AND RENTAL HOLDINGS, LLC., et al<br>       *Plaintiffs*<br><br>v.<br><br>DAVID MICHAEL MOBLEY<br>       *Defendant* | Case No. 22-60004<br><br>Chapter 11<br><br><br><br>Adv. No. 22-6024 |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

  COMES NOW DEFENDANT David Michael Mobley and files this Motion to Dismiss Complaint and would show as follows:

  1. On June 30, 2022, four corporate entities filed a Complaint to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2), (4) and (6) Against Debtor/Defendant David Michael Mobley.

  2. The 61-page complaint Seven Claims for Relief seeking a determination of non-dischargeability as follows:

| Claim No. | Plaintiff | Claim for Relief | Code Sections |
|---:|---|---|---|
| 1 | QLRH | Statutory Fraud | §523(a)(2),(6) |
| 2 | QLRH | Fraud by Affirmative Misrepresentation | §523(a)(2),(6) |
| 3 | QLRH | Fraud by Non-Disclosure | §523(a)(2),(6) |
| 4 | QLRH | Securities Fraud | §523(a)(2),(6) |

| | | | |
|---|---|---|---|
| 5 | QLRH or all Plaintiffs | Breach of Purchase Agreement and QLRH, LLC Agreement | §523(a)(2),(4),(6) |
| 6 | Plaintiffs | Breach of Fiduciary Duty | §523(a)(4),(6) |
| 7 | QLRH | Unjust Enrichment | §523(a)(2),(4),(6) |

It seems apparent that Plaintiffs took an existing complaint and applied bankruptcy causes of action to it regardless of whether they were appropriate.

3.  In pleading, Plaintiffs must comply with the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure. Fed.R.Civ.P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 9(b) requires that fraud be pled with specificity. Fed.R.Civ.P. 12(b)(6) allows a claim to be dismissed for failure to state a cause of action. Fed.R.Civ.P. (f) allows a court to strike redundant and immaterial matter.

4.  All claims by Quality Lease Rental Service, LLC (QLRS), Quality Lease Services, LLC (QLS) and Rocaecia, LLC (Rocaecia) should be dismissed for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6) or lack of standing. According to the Complaint, QLRH, QLS and Rocaecia assigned their claims to QLRH. See para. 17-19. Since these entities have assigned their claims, they are no longer proper plaintiffs since they no longer own any claims.

5.  Plaintiffs' claims under 11 U.S.C. §523(a)(6) should be dismissed for failure to state a cause of action.  "The test for willful and malicious injury under Section 523(a)(6), thus, is condensed into a single inquiry of whether there exists "either an objective substantial certainty of harm or a subjective motive to cause harm" on the part of the debtor." *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir. 2003). While Plaintiffs have slapped the §523(a)(6) label on all seven of their claims, they have not attempted to allege the mental state that

would be necessary to constitute a willful and malicious injury. As a result, all references to §523(a)(6) should be dismissed.

6. Plaintiff's fifth claim for relief is for breach of contract. Breach of contract, standing alone, gives rise to a dischargeable claim. The fact that Plaintiffs have slapped bankruptcy code labels onto a breach of contract claim is not sufficient to create an allegation for a non-dischargeable debt.

7. Plaintiff's seventh claim for relief is for unjust enrichment. As with the breach of contract claim, merely citing some Code sections is not enough to create a non-dischargeable debt.

8. The fifth and seventh claims should be dismissed for failure to state a cause of action.

9. Plaintiff's first through fourth claims are simply duplicates of each other and are therefore redundant and immaterial. While they focus on different aspects of fraud under state law, the factual allegations as to each are identical. It is wasteful to require Defendant to respond to the same allegations four different times. Plaintiffs should be required to replead their fraud causes of action into a single claim.

10. Plaintiffs' redundant and prolix complaint needs to be slimmed down into a single claim by QLRH under §523(a)(2) and a single claim by QLRH under §523(a)(4). While Plaintiffs' pleading contains tens of thousands of words, that is really all that is properly pled and all that Defendant should be required to defend against.

    Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 279-0310 (Facsimile)
ssather@bn-lawyers.com
By:   /s/*Stephen W. Sather*____
       Stephen W. Sather
       State Bar No. 17657520

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was on July 29, 2022, by the Court's ECF system to all the parties listed below:

Lisa S. Tsai
Reid, Collins & Tsai, LLP
1301 S. Capital of Texas Hwy.,
Building C, Suite 300
Austin, TX 78746

Walter J. Cicack
Hawash cicack & Gaston, LLP
3401 Allen Parkway, Suite 200
Houston, TX 77019
*Attorneys for Plaintiff*

    By:   /s/*Stephen W. Sather*____